**Diane L. Polscer, OSB No. 873267**
dpolscer@gordon-polscer.com
**Andrew S. Moses, OSB No. 983009**
amoses@gordon-polscer.com
**GORDON & POLSCER, L.L.C.**
Suite 650
9755 S.W. Barnes Road
Portland, OR 97225
Telephone:  (503) 242-2922
Facsimile:  (503) 242-1264

Attorneys for Plaintiff Crum & Forster
Specialty Insurance Company

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| CRUM & FORSTER SPECIALTY INSURANCE COMPANY, | CASE NO. _____ |
| Plaintiff, | **COMPLAINT** |
| v. | |
| WILLOWOOD USA, LLC; ALLIED WORLD ASSURANCE COMPANY (U.S.); COLONY INSURANCE COMPANY; REPAR CORPORATION, | |
| Defendants. | |

COMES NOW the Plaintiff, Crum & Forster Specialty Insurance Company ("Crum"), by and through its attorneys of record, Gordon & Polscer, L.L.C., and as a Complaint against Defendants, states as follows:

**COMPLAINT**                                                                                      **Page 1**

**PARTIES**

1.

Plaintiff Crum is a company organized under the laws of Arizona, with its principal place of business in New Jersey.

2.

Defendant Willowood USA, LLC ("Willowood") is an Oregon limited liability company. Upon information and belief, Willowood's principal place of business is in Oregon.

3.

Defendant Allied World Assurance Company (U.S.) ("Allied World") is a Delaware corporation with its principal place of business in New York.

4.

Defendant Colony Insurance Company ("Colony") is a Virginia corporation, with its principal place of business in Virginia.

5.

Defendant Repar Corporation ("Repar") is a Texas corporation with a principal place of business in Maryland.

**JURISDICTION AND VENUE**

6.

Jurisdiction of this court is proper pursuant to 28 U.S.C. § 1332 given the diversity of citizenship of the parties.

7.

The amount in controversy exceeds the statutory minimum of $75,000 in 28 U.S.C. § 1332.

**COMPLAINT**                                                                 **Page 2**

8.

Jurisdiction and venue are proper in Oregon because Willowood is located in Oregon, and the Underlying Action was filed in Oregon.

**FACTS**

9.

Crum issued two insurance policies to Willowood: policy number EPK-100427, effective from March 1, 2012, to March 1, 2013; and policy number EPK-101107, effective from March 1, 2013, to March 1, 2014 (collectively "the Crum Policies"). Each policy included the following terms:

**COMMON PROVISIONS**

**SECTION I – DEFENSE**

1.      **Commercial General Liability**

If either of the following Coverage Parts: Commercial General Liability Occurrence or Commercial General Liability Claims Made, is purchased and is attached to these Common Provisions, then the following provisions apply to Insuring Agreement **A** – Bodily Injury And Property Damage and Insuring Agreement **B** – Personal And Advertising Injury:

a.      We have the right and duty to defend the insured against any "suit" seeking "damages" to which this insurance applies. We will pay "defense expenses" with respect to any "suit" against an insured that we defend. However, we have no duty to defend the insured against any "suit" seeking "damages" for "bodily injury", "property damage" or "personal and advertising injury" to which this insurance does not apply.

*****

**SECTION V – COMMON EXCLUSIONS**

The following exclusions apply to all Coverage Parts attached to this Policy except where specifically noted:

This policy does not apply to "damages", "defense expenses", "cleanup costs", or any loss, cost or expense, or any "claim" or "suit":

*****

**2.      Contractual Liability**

Based upon or arising out of any liability for which the insured is obligated to pay "damages" by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for "damages":

a.      That the insured would have in the absence of the contract or agreement; or

*****

**3.      Criminal, Fraudulent Or Dishonest Acts**

Based upon or arising out of:

a.      Any criminal, fraudulent, or dishonest act, omission or offense committed by the insured. …

*****

b.      Any act, omission or offense committed by the insured with knowledge of its wrongful nature or with the intent to cause damage;

c.      The obtaining by the insured of any profit, gain or advantage to which the insured is not legally entitled;

*****

**SECTION VII – COMMON DEFINITIONS**

1.      "Advertisement" means a notice that is broadcast or published to the general public or the specific market segments about your goods, products or services for the purpose of attracting customers or supporters. …

*****

6.      "Claim":

a.      With respect to the Commercial General Liability Occurrence Coverage Part, the Commercial General Liability Claims Made Coverage Part and the Errors and Omissions Liability Coverage Part, means a demand for "damages".

*****

9.      "Damages" means the monetary amount of any judgment, award or settlement that an insured becomes legally obligated to pay as a result of a "claim" or "suit". "Damages" does not include "cleanup costs", equitable or non-pecuniary relief, disgorgement of profits, sanctions, fines or penalties.

*****

27.     "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

*****

d.      Oral or written publication of material that slanders or libels a person or organization or disparages a person's organization's goods, products or services;

e.      Oral or written publication of material that violates a person's right of privacy;

f.      The use of another's advertising idea in your "advertisement"; or

g.      Infringing upon another's copyright, trade dress or slogan in your "advertisement".

*****

**COMMERCIAL GENERAL LIABILITY OCCURRENCE COVERAGE PART**

**PROVISIONS**

*****

All exclusions, conditions or definitions contained within this Coverage Part are provided in addition to any applicable exclusions, conditions and definitions provided within the Common Provisions which are incorporated in this Coverage Part and to which this coverage Part is attached.

**SECTION I – INSURING AGREEMENTS**

*****

**2.      Insuring Agreement B – Personal And Advertising Injury**

a.      We will pay, in excess of the Deductible shown in the Declarations, those sums that the insured becomes legally obligated to pay as "damages" for

**COMPLAINT**                                                                              **Page 5**

"personal and advertising injury" to which this insurance applies. We may, at our discretion, investigate any offense and settle any "claim" or "suit" that may result. But the amount we will pay for "damages" is limited as described in Section IV – Limits Of Insurance And Deductible within the Common Provisions.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Section I – Defense or Section II – Defense Expenses within the Common Provisions.

b.    This insurance applies to "personal and advertising injury" only if all of the following conditions are met:

(1)    Before the "policy period", no insured had knowledge of any offense that could reasonably give rise to a "claim" under this Policy;

(2)    The "claim" for that "personal and advertising injury" was not reported under any policy in effect before the "policy period" or disclosed in the application for this Policy;

*****

(4)    The offense out which the "claim" arises first took place during the "policy period";

*****

## SECTION II – ADDITIONAL EXCLUSIONS

3.    The following additional exclusions apply to Insuring Agreement B – Personal And Advertising Injury in addition to those contained within the Common Provisions:

Insuring Agreement B does not apply to "damages", "defense expenses", or any loss, cost or expense, or any "claim" or "suit":

a.    **Breach Of Contract**

Based upon or arising out of a breach of contract, except an implied contract to use another's advertising idea in your "advertisement".

*****

c.    **Infringement Of Copyright, Patent, Trademark Or Trade Secret**

**COMPLAINT**                                                                                           **Page 6**

Based upon or arising out of their infringement of copyright, patent, trademark, trade secret or other intellectual property rights, including, without limitation, false patent marking and provisional or royalty rights from or during any period from the date of filing of the application for patent to the date of issuance as a patent.

However, this exclusion does not apply to infringement, in your "advertisement", of copyright, trade dress or slogan.

*****

e.     **Knowing Violation of Rights Of Another**

Caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".

f.     **Material Published Prior to Policy Period**

Based upon or arising out of oral or written publication of material whose first publication took place before the "policy period".

10.

Upon information and belief, Allied World issued an insurance policy to Willowood: policy number 0306-4411, effective from March 1, 2011, to March 1, 2012 ("Allied World Policy").

11.

Upon information and belief, Colony issued an insurance policy to Willowood: policy number EGL 300168 effective from March 1, 2010, to March 1, 2011 ("Colony Policy").

12.

Repar filed an action against Willowood in the U.S. District Court for the District of Oregon on June 20, 2013, bearing case number 6:13-cv-01043-MC ("the Underlying Action"). In the Underlying Action, Repar brought claims for breach of implied contract, unjust enrichment, trademark infringement, and unfair competition.  Repar filed a First Amended

**COMPLAINT**                                                                 **Page 7**

Complaint in the Underlying Action on August 23, 2013.  A copy of the First Amended

Complaint is attached as Exhibit A.

13.

Willowood tendered the Underlying Action for defense to Crum, Allied World, and

Colony.  Crum is providing a defense for Willowood against the Underlying Action.  Allied

World and Colony have denied Willowood's tender.

### FIRST CLAIM FOR RELIEF
### (Declaratory Judgment against Willowood)

14.

Crum incorporates by reference the allegations in paragraphs 1-13.

15.

A present and actual controversy exists regarding Crum's rights and obligations under the

Crum Policies with respect to the defense of the Underlying Action.  Crum seeks and is entitled

to a declaration of the rights of the parties pursuant to FRCP 57 and 28 U.S.C. § 2201.

16.

Crum has no obligation to defend Willowood based on the terms the Crum Policies and

the allegations in the First Amended Complaint in the Underlying Action.

17.

Crum seeks a legal declaration that it has no duty to defend Willowood against the

Underlying Action and is entitled to cease providing a defense to Willowood against the

Underlying Action.

## SECOND CLAIM FOR RELIEF
### (Declaratory Judgment against Allied World and Colony)

18.

Crum incorporates by reference the allegations in paragraphs 1-13.

19.

A present and actual controversy exists regarding the respective rights of Crum, Allied World and Colony under the policies issued to Willowood by Crum, Allied World, and Colony with respect to Allied World and Colony's obligations to defend Willowood. Crum seeks and is entitled to a declaration of the rights of the parties pursuant to FRCP 57 and 28 U.S.C. § 2201.

20.

If there is a determination that Crum is not entitled to a declaration that it does not owe a defense obligation to Willowood, then Crum seeks a legal determination and declaration that both Allied World and Colony are also obligated to defend Willowood against the Underlying Action.

## THIRD CLAIM FOR RELIEF
### (Contribution against Allied World and Colony)

21.

Crum incorporates by reference the allegations in paragraphs 1-13, and 19-20.

22.

In the event that Crum is obligated to continue to defend Willowood with respect to the Underlying Action, Crum seeks contribution from Allied World and Colony in an amount based upon the respective obligations of Crum, Allied World, and Colony to Willowood.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Crum requests judgment in its favor and against defendants as follows:

1.    As to its **First Claim for Relief,** a declaration that Crum does not, and has never owed an obligation to defend Willowood against the Underlying Action and that Crum may immediately cease its defense of Willowood;

2.    As to its **Second Claim for Relief,** in the event that it is determined that Crum is obligated to defend Willowood, a declaration that Allied World and Colony are also obligated to defend Willowood;

3.    As to its **Third Claim for Relief,** in the event that it is determined that Crum is obligated to defend Willowood, contribution from Allied World and Colony for defense costs already incurred by Crum;

4.    An award of all costs and expenses incurred herein; and

5.    For such other relief as the court deems appropriate.

DATED this 30th day of October, 2013.

GORDON & POLSCER, L.L.C.

By:*/s/Diane L. Polscer*
     Diane L. Polscer, OSB No. 873267
     dpolscer@gordon-polscer.com
     Andrew S. Moses, OSB No. 983009
     amoses@gordon-polscer.com
     (503) 242-2922

Attorneys for Plaintiff Crum & Forster Specialty Insurance Company

**COMMPLAINT**